1  THE LAW OFFICE OF THOMAS C. SEABAUGH
   Thomas C. Seabaugh, Esq., SBN 272458 | tseabaugh@seabaughfirm.com
2  128 North Fair Oaks Avenue
   Pasadena, California 91103
3  Telephone: (818) 928-5290

4  CHAIN COHN STILES
   David K Cohn, Esq., SBN 68768  | dcohn@chainlaw.com
5  Neil K. Gehlawat, Esq., SBN 289388 | ngehlawat@chainlaw.com
   1430 Truxtun Ave., Suite 100
6  Bakersfield, CA 93301
   Telephone: (661) 323-4000
7  Facsimile: (661) 324-1352

8  *Attorneys for Plaintiff*

9              **UNITED STATES DISTRICT COURT**

10            **EASTERN DISTRICT OF CALIFORNIA**

11 JANE DOE, an individual,              Case No. 1:16-cv-01469-DAD-JLT

12        Plaintiff,                     **[~~PROPOSED~~] ORDER ON JOINT
                                         STIPULATION REGARDING
13     vs.                              DISCOVERY**

14 COUNTY OF KERN, a municipality,
   GEORGE ANDERSON, an individual,
15 and DOES 1-10,

16        Defendants.

17

18

19

20

21

22

23

24

25

26

27

28

-1-

## STIPULATION

The parties to this action jointly, through their respective attorneys of record, stipulate as follows:

1.     Defendant George Anderson is also a defendant in *Jane Doe v. County of Kern* (Case No.: 1:15-CV-01641-DAD-JLT), which involves allegations of sexual abuse by a different plaintiff who was a ward at Juvenile Hall. Both cases involve similar municipal liability claims. The same counsel are involved in the two cases. The parties represent that they have conducted extensive discovery in the other case on both underlying liability and the municipal liability claims. Importantly, the Kern County Probation Department investigated and documented the claims of both plaintiffs together as part of one larger internal investigation.

2.     In the other case involving Defendant Anderson, the parties represent that a large volume of documents were discovered and produced subject to a protective order. Much of this discovery was directed to municipal liability issues – such as training and policy – that were not particular to that case. The parties wish to simplify discovery in this case, saving time and expense for all parties, by seeking a court order permitting the use of the documents produced in the other case against Anderson – *Jane Doe v. County of Kern* (Case No.: 1:15-CV-01641-DAD-JLT) – in this case. This issue was previously raised and discussed by the parties at the scheduling conference. Further, the parties believe that this issue needs to be resolved before depositions in this case can get underway, to prevent accusations among counsel of violations of a protective order or Welfare & Institutions Code § 827.

3.     Specifically, the parties have proposed (1) the entry of a protective order in this case similar to the one in the other case involving Defendant Anderson, and (2) a stipulation and order that all documents produced in that matter are deemed produced in this matter subject to the protective order. The parties have submitted a proposed protective order contemporaneously with this stipulation and

ORDER ON JOINT STIPULATION

proposed order. The parties submit that no harm to the privacy rights of any party would take place and no prejudice would result. Meanwhile, the parties represent that it would dramatically reduce the volume, time, and expense of written discovery that would need to be conducted in this case. The parties indicate that it would also streamline this litigation and permit the parties to immediately proceed to begin taking depositions. The depositions of Defendant Anderson and his supervisor are scheduled for March 21 and 22, 2017.

4.      The parties specifically propose that the order permit them to use the materials obtained pursuant to Welfare & Institutions Code § 827 in the matter of *Jane Doe v. County of Kern* (Case No.: 1:15-CV-01641-DAD-JLT) in this case.

5.      The parties' agreement and proposed order covers all documents that were produced in the in the matter of *Jane Doe v. County of Kern* (Case No.: 1:15-CV-01641-DAD-JLT), whether in response to a request for production of documents, at a deposition, or in any other manner. However, this agreement specifically excludes deposition transcripts from the matter of *Jane Doe v. County of Kern* (Case No.: 1:15-CV-01641-DAD-JLT), which remain subject to the protective order in that case. Further, this is not an agreement that the cases are related or should be consolidated.

6.      In light of the above, the Court adopts the stipulation of the parties and orders as follows:

A.      All documents produced in the matter of *Jane Doe v. County of Kern* (Case No.: 1:15-CV-01641-DAD-JLT) are deemed produced in this matter, including material produced or discovered pursuant to Welfare & Institutions Code § 827. Where such documents were produced subject to the protective order in that matter, they are deemed produced subject to the protective order in this matter.

B.      This order covers all documents that were discovered in the in the matter of *Jane Doe v. County of Kern* (Case No.: 1:15-CV-01641-DAD-JLT),

ORDER ON JOINT STIPULATION

whether in response to a request for production of documents, at a deposition, or in any other manner. Deposition transcripts are excluded.

   C. As in the matter of *Jane Doe v. County of Kern* (Case No.: 1:15-CV-01641-DAD-JLT) (Doc. No. 44), the parties are authorized to use the names of juvenile wards at the depositions in this matter. Any depositions in which the names of wards are used shall be designated as confidential subject to the protective order in this matter.

  SO ORDERED.

Dated:  3/8/17

Hon. Jennifer L. Thurston
United States Magistrate Judge

ORDER ON JOINT STIPULATION