# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, <br><br> Plaintiffs, <br><br> v. <br><br> COUNTY OF KERN, et al., <br><br> Defendants. | Case No.: 1:16-cv-01469 - JLT <br><br> ORDER DENYING PLAINTIFF'S MOTION TO FILE A FIRST AMENDED COMPLAINT <br><br> (Doc. 18) |

Jane Doe alleges the defendants are liable for civil rights violations arising under 42 U.S.C. § 1983, related to incidents while she was incarcerated in a juvenile detention facility. (*See generally* Doc. 1) She now seeks to amend her complaint to identify Anderson's supervisor, Heathe Appleton, as a defendant. (Doc. 18) The County of Kern oppose the motion, asserting leave to amend is futile and could prejudice Mr. Appleton. (Doc. 20)

Because the Court finds leave to amend is not appropriate under Rule 15 of the Federal Rules of Civil Procedure, as discussed below, Plaintiff's motion to amend is **DENIED**.

## I.     Background

Plaintiff alleges that that while she "was incarcerated at the James G. Bowles juvenile detention facility, she was a victim of grooming, exploitation, voyeurism and sexual abuse by Defendant Anderson." (Doc. 1 at 2, ¶ 2) According to Plaintiff, "Defendant Anderson viewed Plaintiff while she showered and peeped into her cell while she was using the toilet on multiple occasions." (*Id.*) In

addition, Plaintiff asserts that "Defendant Anderson told Plaintiff that he liked watching her shower, suggested that she should leave her boyfriend for him, and, after a period of time during which he assumed greater and greater familiarity with her, directly propositioned Plaintiff for sex." (*Id.*) She alleges she "reported [this] misconduct to a close friend, to her parents, and to a counselor, which led to the police being immediately notified." (*Id.* at 2, ¶ 2)

She asserts the allegations of "sexual abuse of Plaintiff and other wards and juvenile hall" against Defendant Anderson were investigated by the Bakersfield Police Department, which "submitted a report to the Kern County District Attorney's Office to request that … Anderson be charged with three counts of P.C. 289(a)(1)(A) (sexual penetration), three counts of P.C. 149 (assault under color of authority), two counts of P.C. 647(j)(1) (invasion of privacy), and one count of P.C. 647.6(a)(1) (annoying or molesting a child)." (Doc. 1 at 2-3, ¶ 3)

Plaintiff contends "Defendants Does 1-10," collectively identified as "Additional Defendants," "were employees of the County of Kern" who acted "under color of law within the course and scope of their duties with respect to their employer." (Doc. 1 at 4, ¶ 9) She asserts the Additional Defendants "failed to intervene to prevent … [Anderson's] misconduct, even though they had an opportunity to do so." (*Id.* at 9, ¶35) In addition, Plaintiff alleges that the Additional Defendants "were deliberately indifferent to the risk or danger of sexual abuse of [Plaintiff] and similarly situated wards." (*Id.*) She contends that as of the filing of the complaint, neither Anderson nor the Additional Defendants "have been disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the incident." (*Id.* at 12, ¶ 67)

Based upon the foregoing facts, Plaintiff filed a complaint on September 30, 2016, in which she identified the following causes of action: (1) "Civil Rights Action" under 42 U.S.C. § 1983— for violations of the Fourth, Eighth, and Fourteenth Amendments—against Anderson and the Additional Defendants; (2) substantive due process violation against Anderson and the Additional Defendants; (3) unconstitutional custom, practice, or policy in violation of 42 U.S.C. §1983 against the County of Kern; (4) inadequate training/ policy of inaction, against the County; (5) ratification, against the County; and (6) supervisor liability, against the Additional Defendants. (*See generally* Doc. 1 at 8-14)

Plaintiff now seeks leave to amend the complaint pursuant to Rule 15 of the Federal Rules of

Civil Procedure "to substitute the name 'Heath Appleton' for the defendant fictitiously named as "Doe 1." (Doc. 18 at 2) The County filed its opposition to the motion on April 24, 2017, arguing Plaintiff should not "be permitted to simply substitute the name of Heathe Appleton for a doe defendant without further analysis," and the proposed claim against Heathe Appleton is futile. (Doc. 20 at 3) Plaintiff filed her brief in reply on May 1, 2017. (Doc. 21)

## II.     Legal Standards[1]

Under Fed. R. Civ. P. 15(a), a party may amend a pleading once as a matter of course within 21 days of service, or if the pleading is one to which a response is required, 21 days after service of a motion under Rule 12(b), (e), or (f). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Because Defendant does not consent to the filing an amended complaint, Plaintiff seeks the leave of the Court.

Granting or denying leave to amend a complaint is in the discretion of the Court, *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996), though leave should be "freely give[n] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). Consequently, the policy to grant leave to amend is applied with extreme liberality. *Id.*

There is no abuse of discretion "in denying a motion to amend where the movant presents no new facts but only new theories and provides no satisfactory explanation for his failure to fully develop his contentions originally." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Allen v. City of Beverly Hills*, 911 F.2d 367, 374 (9th Cir. 1990). After a defendant files an answer, leave to amend should not be granted where "amendment would cause prejudice to the opposing party, is sought in bad faith, is futile, or creates undue delay." *Madeja v. Olympic Packers*, 310 F.3d 628, 636 (9th Cir. 2002) (citing *Yakama Indian Nation v. Washington Dep't of Revenue*, 176 F.3d 1241, 1246 (9th Cir. 1999)).

---

[1] The Scheduling Order in this action set forth a pleading amendment deadline of April 10, 2017, whether by stipulation or a written motion. (Doc. 13 at 3) The motion now pending before the Court was filed on April 10, 2017. (Doc. 18) Thus, the standards of Rule 15 govern this motion. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000) (explaining the question of whether the liberal standards of Rule 15(a) or the good cause standard of Rule 16(b) apples to a motion for leave to amend a complaint depends on whether a deadline set in a Rule 16(b) scheduling order has expired).

3

### III. Discussion and Analysis

#### A. "Doe" Amendments

Plaintiff contends that she is seeking leave "to substitute the name 'Heathe Appleton' for the defendant fictitiously named as 'Doe 1.'" (Doc. 18 at 2) According to Plaintiff, "The proposed amended complaint substitutes Heathe Appleton's name for 'Doe 1' and makes no other substantive changes." (Doc. 21 at 2) The Court disagrees.

In the original complaint, Plaintiff identified "Does 1-10" as "employees of the County of Kern," who "proximately caused [Plaintiff's] injuries by integrally participating or failing to intervene in the conduct of which [she] complains…" (Doc. 1 at 4, ¶ 9) These defendants were described collectively as the "Additional Defendants." *Id*. Plaintiff stated her first cause of action for a "civil rights action" was raised against Anderson and the "Additional Defendants," who Plaintiff asserted "failed to intervene to prevent … [Anderson's] misconduct, even though they had an opportunity to do so." (*Id.* at 8, ¶ 35) Similarly, the second cause of action for a violation of substantive due process was raised against Anderson and the "Additional Defendants." (*Id.* at 9)

In contrast, the proposed First Amended Complaint, "Additional Defendants" is defined to include only Does 2-10. (Doc. 18-2 at 4, ¶ 9) Consequently, the plaintiff omits Appleton from the first and second causes of action, despite that Doe 1 was previously named in these claims. Thus, though Plaintiff again states her first and second causes of action are raised against Anderson and the "Additional Defendants," (*See id.* at 8-9) she makes a substantive change in her pleading by not including Appleton in the group of "Additional Defendants." Instead, the only claim raised against Appleton in the proposed complaint is for "supervisory liability." (*See id.* at 13) As a result, the Court finds Plaintiff has not simply substituted Appleton as a "Doe" defendant; she has made substantive changes to the pleading.

#### B. Motion to Amend under Rule 15

Evaluating a motion to amend, the Court may consider (1) whether the party has previously amended the pleading, (2) undue delay, (3) bad faith, (4) futility of amendment, and (5) prejudice to the opposing party. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Loehr v. Ventura County Comm. College Dist*., 743 F.2d 1310, 1319 (9th Cir. 1984). These factors are not of equal weight, because

4

prejudice to the opposing party has long been held to be the most critical factor to determine whether to grant leave to amend. *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir. 2003); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990).

### 1. Prior amendments

The Court's discretion to deny an amendment is "particularly broad" where a party has previously amended the pleading. *Allen*, 911 F.2d at 373. Here, Plaintiff has not previously amended the complaint. Therefore, this factor does not weigh against amendment.

### 2. Undue delay

By itself, undue delay is insufficient to prevent the Court from granting leave to amend pleadings. *Howey v. United States*, 481 F.2d 1187, 1191(9th Cir. 1973); *DCD Programs v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986). However, in combination with other factors, delay may be sufficient to deny amendment. *See Hurn v. Ret. Fund Trust of Plumbing*, 648 F.2d 1252, 1254 (9th Cir. 1981). Evaluating undue delay, the Court considers "whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading." *Jackson*, 902 F.2d at 1387; *see also Eminence Capital*, 316 F.3d at 1052. Also, the Court should examine whether "permitting an amendment would . . . produce an undue delay in the litigation." *Id*. at 1387.

Here, the identity of the supervisor officer was not known at the time Plaintiff filed her complaint, and there is no showing that Plaintiff delayed in seeking leave to amend once Heathe Appleton was identified as Anderson's supervisor. In addition, it does not appear that amendment would produce an undue delay in the litigation, as discovery will remain open for several months. Accordingly, this factor does not weigh against amendment.

### C. Bad faith

There is no evidence before the Court suggesting Plaintiff acted in bad faith in seeking the proposed amendment. Therefore, this factor does not weigh against granting leave to amend.

### D. Futility of amendment

Futility may be found where the proposed claims are duplicative of existing claims or patently frivolous, or both. *See Bonin*, 59 F.3d at 846. In addition, an amendment is futile when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim

5

or defense." *Miller v. Rykoff-Sexton*, 845 F.2d 209, 214 (9th Cir. 1988). A proposed amendment is futile, if it cannot withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Nordyke v. King*, 644 F.3d 776, 788 n.12 (9th Cir. 2011) (citing *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)) (reh'g en banc *Nordyke v. King*, 681 F.3d 1041 (9th Cir. 2012). Further, a court may find a claim is futile if it finds "inevitability of a claim's defeat on summary judgment." *California v. Neville Chem. Co.*, 358 F.3d 661, 673 (9th Cir. 2004) (quoting *Johnson v. Am. Airlines, Inc.*, 834 F.2d 721, 724 (9th Cir. 1987)). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin,* 59 F.3d at 845; *see also Miller*, 845 F.2d at 214.

Plaintiff seeks to state a claim for "supervisory liability" under 42 U.S.C. § 1983 against Appleton and the Additional Defendants. (Doc. 18-2 at 13) The County argues the proposed amendment is futile. (Doc. 20 at 3)

> *a.     Plaintiff's allegations*

In the proposed First Amended Complaint, Plaintiff contends Heathe Appleton was an employee of the County, who acted in a supervisory capacity and under color of state law." (Doc. 18-2 at 4, ¶ 9; *id.* at 13, ¶ 70) Specifically in support of the claim for supervisor liability, Plaintiff alleges:

> 70. HEATHE APPLETON and ADDITIONAL DEFENDANTS acted in a supervisory capacity and under color of state law.
>
> 71. The acts and failures to act of HEATHE APPLETON and ADDITIONAL DEFENDANTS were a cause of the sexual abuse of PLAINTIFF and other conduct by GEORGE ANDERSON, which deprived PLAINTIFF of her particular rights under the Fourth, Eighth, and Fourteenth Amendments, as alleged above.
>
> 72. HEATHE APPLETON and ADDITIONAL DEFENDANTS knew that their subordinate GEORGE ANDERSON was engaging in conduct in violation of written policy and knew or reasonably should have known that his conduct would deprive the PLAINTIFF of these rights.
>
> 73. HEATHE APPLETON and ADDITIONAL DEFENDANTS failed to act to prevent GEORGE ANDERSON, their subordinate, from engaging in such conduct.
>
> 74. The known or obvious consequence of training deficiencies and the failures to enforce written policies would be to cause subordinates like GEORGE ANDERSON to violate the PLAINTIFF's constitutional rights.
>
> 75. HEATHE APPLETON and ADDITIONAL DEFENDANTS disregarded this consequence.
>
> 76. These training deficiencies and the failures to enforce written policies resulted in the deprivation of PLAINTIFF's rights by GEORGE ANDERSON.

> 77. HEATHE APPLETON and ADDITIONAL DEFENDANTS engaged in conduct that showed a reckless or callous indifference to the deprivation by the subordinate of the rights of others.
>
> 78. The conduct of HEATHE APPLETON and ADDITIONAL DEFENDANTS was willful, wanton, malicious, or done with reckless disregard for the rights and safety of PLAINTIFF and therefore warrants the imposition of exemplary and punitive damages as to each of those defendants.

(Doc. 18-2 at 14) At the hearing, plaintiff's counsel also referred to paragraph 4 of the proposed amended complaint as factual support for the new allegations. However, only one sentence seems to relate to a supervisor. This sentence reads, "Defendant Anderson's supervisors and co-workers, together with the County, failed to respect and enforce key policies designed to prevent and deter sexual abuse, failed to train its employees regarding those policies, failed to discipline its employees for violating those policies, maintained vague and unclear policies, and maintained customs and practices that deviated from written policy." (Doc. 18-2 at 3, ¶ 4)

The County argues the proposed amendment is futile, because "any facts specifically related to Heathe Appleton are notably absent from the proposed first amended complaint." (Doc. 20 at 3) In addition, the County argues that the proposed cause of action "contains only conclusory statements." (*Id.*) Finally, the County observes that *Ashcroft v. Iqbal*, 556 U.S. at 676, 682-683, severely limits supervisory liability in section 1983 cases," and allegations demonstrating Appleton's "knowledge of and acquiescence in the unconstitutional conduct of his or her subordinates… are absent from the proposed amendment." (*Id.* at 3-4)

    b.  *Legal Standards Governing Section 1983 Claims*

A plaintiff seeking to state a claim for a violation of his or her constitutional rights may state a claim pursuant to 42 U.S.C. § 1983 ("Section 1983"), which provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress...

42 U.S.C. § 1983. To plead a Section 1983 violation, a plaintiff must allege facts from which it may be inferred that (1) a constitutional right was deprived, and (2) a person who committed the alleged violation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Williams v. Gorton*, 529

F.2d 668, 670 (9th Cir. 1976).

A plaintiff must allege a specific injury she suffered and show causal relationship between the defendant's conduct and the injury suffered. *See Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976). Thus, Section 1983 "requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff." *Chavira v. Ruth*, 2012 WL 1328636 at *2 (E.D. Cal. April 17, 2012). An individual deprives another of a constitutional right "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do so that it causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In other words, "[s]ome culpable action or in action must be attributable to defendants." *See Puckett v. Corcoran Prison - CDCR*, 2012 WL 1292573, at *2 (E.D. Cal. Apr. 13, 2012).

        *c.*  *Individual liability*

The Supreme Court determined that when stating a claim under Section 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Thus, there must be facial plausibility in a plaintiff's allegations that some action/inaction on the part of a supervisor caused her alleged constitutional injury." *Alston v. County of Sacramento*, 2012 U.S. Dist. LEXIS 95494, 2012 WL 2839825, at *4 (E.D. Cal. 2012).

"[A] supervisory official can be found liable in his individual capacity if there is a sufficient nexus between his own conduct and the constitutional violations committed by subordinates." *Johnson v. City of Vallejo*, 99 F. Supp. 3d 1212, 1219 (E.D. Cal. 2015). As the Ninth Circuit explained:

> "Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others." *Preschooler II v. Clark County Sch. Bd. of Trustees*, 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting *Menotti v. City of Seattle*, 409 F.3d 1113, 1149 (9th Cir. 2005)). In a section 1983 claim, "a supervisor is liable for the acts of his subordinates 'if the supervisor participated in or directed the violations, or knew of the violations of subordinates and failed to act to prevent them.'" *Preschooler II*, 479 F.3d at 1182 (quoting *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." *Id.* at 1183 (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

8

*Id.* (quoting *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009)). Thus, a defendant cannot be held liability for being generally deficient in a supervisor role, and a plaintiff must plead sufficient facts showing that the supervisor' actions caused a violation of the plaintiff's rights. *Iqbal*, 556 U.S. at 676.

Plaintiff fails to allege *any* facts that support her claim for supervisor liability against Appleton, and does no more than offer legal conclusions. Notably, there are no facts alleged as to how Appleton's conduct—whatever it was—caused the constitutional violations at issue. The Court disagrees that the sentence of paragraph 4, set forth above, alleges *facts* describing why Appleton should be held liable. For example, the complaint *concludes* that a supervisor "failed . . . to enforce key policies designed to prevent and deter sexual abuse, failed to train its employees regarding those policies, failed to discipline its employees for violating those policies, maintained vague and unclear policies, and maintained customs and practices that deviated from written policy"; these are not facts.

To the contrary, the proposed complaint does not describe what occurred to make the plaintiff believe that the supervisor failed to enforce policies, what relevant training the supervisor was obligated to provide or what conduct by Anderson gave rise to discipline that the supervisor did not impose and how all of these failures caused her damages.[2] In addition, Plaintiff alleges that Appleton "knew that [his] subordinate… was engaging in conduct in violation of written policy and knew or reasonably should have known that his conduct would deprive the [Plaintiff] of [her] rights." (Doc. 18-2 at 13, ¶ 72) However, Plaintiff fails to allege any facts to support the *conclusion* that Appleton had knowledge of Anderson's actions or, indeed, of what actions Appleton was aware. *See Hydrick v. Hunter,* 669 F.3d 937, 942 ("Plaintiffs must … allege sufficient facts to plausibly establish the defendant's 'knowledge of' and 'acquiescence in' the unconstitutional conduct of his subordinates.") In *Hydrick*, the Ninth Circuit determined that similar allegations were insufficient, because the allegations were "devoid of specifics," and the plaintiff failed to identify "a *specific* policy or custom." *Id.*, 669 F.3d at 942.

There are no facts alleged supporting a conclusion that Appleton knew that Anderson was engaging in inappropriate conduct, or specifically linking Appleton to a violation of Plaintiff's rights.

---

[2] The Court presumes that the assertions related to vague and unclear policies and maintained customs and practices different from the written policies were intended to be directed at the entity.

Instead, the only statements in the proposed complaint regarding Appleton are legal conclusions cast as facts, which cannot support a claim. *See Iqbal*, 556 U.S. at 676-77; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Because Plaintiff fails to link Appleton to the alleged violations of her constitutional rights, her proposed claim is not cognizable.

### d. Conclusion

The proposed "supervisory liability" claim against Appleton does not "constitute a valid and sufficient claim" for a violation of Plaintiff's constitutional rights. Consequently, her claim, as currently plead, is futile, and this factor weighs against granting leave to file the proposed First Amended Complaint. *See Miller*, 845 F.2d at 214.

### E. Prejudice to the opposing party

The most critical factor in determining whether to grant leave to amend is prejudice to the opposing party. *Eminence Capital*, 316 F.3d at 1052. The burden of showing prejudice is on the party opposing an amendment to the complaint. *DCD Programs*, 833 F.2d at 187; *Beeck v. Aquaslide 'N' Dive Corp.*, 562 F.2d 537, 540 (9th Cir. 1977). Prejudice must be substantial to justify denial of leave to amend. *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). There is a presumption in favor of granting leave to amend where prejudice is not shown under Rule 15(a). *Eminence Capital*, 316 F.3d at 1052.

The County argues that "amending the complaint is potentially prejudicial to Heathe Appleton." (Doc. 20 at 4) The County observes that Plaintiff "has already taken the deposition of Heathe Appleton," and to "subject him to another deposition this time in the position of a party, would be undue prejudice to him." (*Id.*) In reply, Plaintiff asserts that if Appleton is added as a defendant, she "will not depose him again." (Doc. 21 at 7) Moreover, of course, no party may take a second deposition of the same person without leave of the Court (Fed. R. Civ. P. 30(a)(2)(A)(ii)) and no such leave has been sought or granted. Accordingly, the Court finds no prejudice is shown.

### IV. Conclusion and Order

Based upon the foregoing, the Court finds the proposed claim against Appleton would not withstand a motion to dismiss under Rule 12(b)(6). Because the claim is futile, and futility alone may "justif[ies] the denial of a motion for leave to amend," *Bonin,* 59 F.3d at 845, the Court is acting

within its discretion to deny Plaintiff's motion to amend the complaint. *See Swanson*, 87 F.3d at 343.

Accordingly, the Court **ORDERS** that Plaintiff's motion to amend (Doc. 18) is **DENIED** without prejudice.[3]

IT IS SO ORDERED.

Dated: **May 8, 2017**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE

---

[3] In the event plaintiff again moves the Court to amend her complaint, she SHALL provide a red-lined version of her proposed amended complaint.