# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, an individual, | Case No.: 1:16-cv-01469 JLT |
| Plaintiff, | ORDER DENYING MOTION TO MODIFY PROTECTIVE ORDER |
| vs. | (Doc. 40) |
| COUNTY OF KERN, et al., | |
| Defendants. | |

In this action and in the companion case, the Court granted a stipulated protective order which sought to preclude from public view sensitive information about wards and former wards of the court, personnel investigations and other confidential records. (Doc. 16) Though not called upon to do so yet in this case, in the companion case the Court maintained the confidentiality of these records over time by sealing records that otherwise would be available on the public docket. (Doe v. County of Kern, Case no.: 1:15-cv-01641 JLT, Docs. 58, 59, 65-73, 74-76, 79, 94, 110, 112-117, 126, 131-134) Though the Court was prepared to dispense with the majority of the protections for the information for purposes of the trial only in the companion case (Doe v. County of Kern, Case no.: 1:15-cv-01641 JLT, Doc. 83 at 8, 47), settlement of that matter meant that this never occurred.

Now before the Court is the motion of Mr. Anderson to modify the protective order to

1

allow him to use deposition testimony already given in this action and, apparently, deposition testimony which will be given in the future, in his related administrative process. (Doc. 40) Though the County of Kern does not oppose this motion (Doc. 42), the plaintiff does (Doc. 43). She argues that the protective order was designed not only to protect information related to Mr. Anderson but also information related to her and others. Id. at 2. She argues that Mr. Anderson has no entitlement to discovery in the administrative process and the deposition transcripts at issue have no bearing on the issues to be decided in the administrative arena. Id. For the reasons set forth below, the Court **DENIES** the motion to modify the protective order.

**I.     The Skelly process**

In support for his motion to modify the protective order, Mr. Anderson offers the declaration of his attorney in the administrative process, Mr. Collins. Mr. Collins asserts that if the motion to modify is not granted, Mr. Anderson will be forced to undergo the expense of duplicating these discovery efforts in order to "defend" against the charges raised at the administrative hearing. (Doc. 40-2 at 2, 3)

However, a Skelly hearing is an informal process; it is not a full-blown evidentiary hearing and it is designed only to test whether the employer's intended actions are adequately supported. Brewster v. Board of Education, 149 F.3d 971, 985 (9th Cir. 1998). It "serves only as an initial check against mistaken decisions—essentially a determination of whether there are reasonable grounds to believe that the charges are true and support the proposed action. To that end, a plaintiff need only be accorded 'oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." Id., internal citations omitted. Though Mr. Anderson may be permitted to present additional information, there is no guarantee of this. Rather, the Skelly determination must stand on the information presented by the employer. If this information demonstrates sufficient cause, the hiring authority is entitled to impose the intended discipline.

Notably, courts are uniform that at the Skelly hearing, due process does not entitle Mr. Anderson to discovery. See Holmes v. Hallinan, 68 Cal.App.4th 1523, 1534 (1998) [peace

officer was not entitled to discovery before termination]; see also Mohilef v. Janovici, 51 Cal.App.4th 267, 303 (1996) [no basic constitutional right to pretrial discovery in administrative proceedings]. Though he may obtain witness statements for use at the Skelly hearing he has no right to compel testimony to aid him at that hearing. This is of key significance and a key difference between this federal litigation and the administrative process.

In this federal litigation, no witness has the right to refuse to give testimony. Indeed, a failure to submit to a deposition after notice or receipt of a subpoena, ultimately, could result in stiff contempt penalties. Presumably, the witnesses who have submitted and will submit to deposition in this action will do so because he/she had no choice than to submit. Presumably also, the witnesses were and will be aware that doing invokes the protections of the Court's confidentiality order. Neither Mr. Anderson nor Mr. Collins makes any showing that the witnesses at issue would have or will freely submit to deposition absent compulsion and absent the protective order.

On the other hand, the Court is well aware that with regularity, employees and employers seek mandate and *do* appeal to the Fifth District Court of Appeal when the administrative process does not turn out as they had hoped. When this occurs, there is no assurance that the records in either the trial court or the court of appeal are protected from public view. To the contrary, once there is a petition for writ of mandate or an appeal filed, the otherwise confidential records, including the briefs filed and the opinions issued, are typically open to public view. See, e.g., Holmes, 68 Cal.App.4th 1523.

In addition, despite Mr. Collins' suggestion that allowing the use of these transcripts would preclude further emotional trauma for the witnesses by avoiding making them again recount their version of the events in a witness interview, as noted above, the Skelly process does not authorize the employee to compel a witness to submit to interview; should the witnesses choose to cooperate with a statement, so be it. However, this Court does not intend that discovery obtained in this federal litigation will be available for use beyond this litigation. If it permits this, in essence, Mr. Anderson would be using this Court's authority to force testimony not otherwise

available to him in the Skelly process.

On the other hand, Mr. Anderson argues that, as a peace officer, he is entitled to a full evidentiary hearing before discipline may be imposed. (Doc. 40 at 2-3) This is not entirely correct. Rather, he is entitled to a full evidentiary hearing if the hiring authority decides to impose the intended discipline after the Skelly hearing. Gilbert v. City of Sunnyvale, 130 Cal. App. 4th 1264, 1274-1280 (2005). The cases upon which Mr. Anderson relies indicate no differently.[1]

If Mr. Anderson becomes entitled to the full evidentiary hearing, both sides are entitled to call witnesses and to cross-examine the opponent's witnesses. Mr. Anderson offers no explanation why he thinks it would be acceptable for him to present a deposition transcript without permitting the cross-examination of the witness before the Commission. The Court doubts seriously that merely because the County of Kern was represented or will be represented at the depositions taken in this litigation would satisfy due process in light of the very different purposes for this litigation and for the administrative appeal.

Moreover, the Court is aware that the plaintiff will be required to submit to questioning that could have no bearing on the issues to be decided at the Skelly hearing or in subsequent review. These areas of questioning are likely to be embarrassing and humiliating to her. Mr. Anderson offers little justification for why this type of information should not be shielded via this Court's protective order.[2] Though the Court appreciates the hardship on Mr. Anderson that this may create, denial of his request places him in no different situation than most other employees

---

[1] In Giuffre v. Sparks, 76 Cal.App.4th 1322, 1332 (1999), a case arising out of Kern County, the Court held a peace officer is entitled to a full evidentiary hearing before the Civil Service Commission is the Skelly hearing results in punitive action taken against the office. ["Because the administrative appeal afforded to Giuffre did not provide him with a full evidentiary hearing, and according to the MOU he could obtain such a hearing only before the civil service commission, he has a right to an administrative appeal before that body."] The court held similarly in Runyan v. Ellis, 40 Cal.App.4th 961, 967 (1995). ["Given the only existing apparatus in the city for an administrative appeal by police officers is found with the civil service commission, and pursuant to our opinion in Stowe, Runyan is entitled to an administrative appeal before the civil service commission."]

[2] The Court does not understand Mr. Anderson's argument that because the plaintiff has suffered other traumas in her life that this impacts her credibility as to what occurred between her and Mr. Anderson. (Doc. 152 at 2) If this was true, virtually no person could be a credible witness. Likewise, the Court is at a loss to understand why fact that the plaintiff sought to impose liability on the County of Kern for inadequate training and policies bears on the issues to be decided at the Skelly hearing or, even, at subsequent administrative appeals. The fact she claimed this or, indeed, whether this is true, seems to have little to do with the acts of misconduct she laid at the feet of Mr. Anderson.

1 | facing a <u>Skelly</u> hearing.  At most, the Court does not improve his position from that of most every
2 | other employee facing such an administrative process.
3 |       Finally, Mr. Collins asserts that this Court has authorized the sharing of information by
4 | Mr. Weakley with Mr. Collins.  (Doc. 40-2 at 3)  He cites to no order or docket entry permitting
5 | that.  Indeed, though this Court required Mr. Weakley to share information gained through the §
6 | 827 petition filed by Mr. Collins with other counsel in this case, it has not authorized anyone in
7 | this litigation to share information gained in this litigation outside of this litigation.

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. The motion to modify the protective order (Doc. 40) is **DENIED**.

IT IS SO ORDERED.

Dated: **August 25, 2017**                    /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE