# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF KERN, et al.,<br><br>　　　　Defendants. | Case No.: 1:16-cv-01469 - JLT<br><br>ORDER GRANTING DEFENDANT'S MOTION FOR THE DISCLOSURE OF PLANTIFF'S TRUE NAME<br><br>(Doc. 49) |

Jane Doe alleges the defendants are liable for civil rights violations arising under 42 U.S.C. § 1983, related to incidents while she was incarcerated in a juvenile detention facility. (*See generally* Doc. 37) Defendant George Anderson now seeks the disclosure of Plaintiff's true name. (Doc. 51)

The Court found the matter was suitable for decision without oral arguments, and the matter was taken under submission pursuant to Local Rule 230(g). For the following reasons, Defendant's motion is **GRANTED**.

**I.     Background**

Plaintiff alleges that while she "was incarcerated at the James G. Bowles juvenile detention facility, she was a victim of grooming, exploitation, voyeurism and sexual abuse by Defendant Anderson." (Doc. 37 at 2, ¶ 2) According to Plaintiff, "Defendant Anderson viewed Plaintiff while she showered and peeped into her cell while she was using the toilet on multiple occasions." (*Id.*) Plaintiff also alleges "Defendant Anderson told Plaintiff that he liked watching her shower, suggested that she

1

should leave her boyfriend for him, and, after a period of time during which he assumed greater and greater familiarity with her, directly propositioned Plaintiff for sex." (*Id.*) She alleges she "reported [this] misconduct to a close friend, to her parents, and to a counselor, which led to the police being immediately notified." (*Id.*)

She asserts the allegations of "sexual abuse of Plaintiff and other wards and juvenile hall" against Defendant Anderson were investigated by the Bakersfield Police Department, which "submitted a report to the Kern County District Attorney's Office to request that … Anderson be charged with three counts of P.C. 289(a)(1)(A) (sexual penetration), three counts of P.C. 149 (assault under color of authority), two counts of P.C. 647(j)(1) (invasion of privacy), and one count of P.C. 647.6(a)(1) (annoying or molesting a child)." (Doc. 37 at 2-3, ¶ 3)

Plaintiff asserts Heath Appleton was an employee of the County, who "acted in a supervisory capacity and under color of state law." (Doc. 37 at 4, ¶ 9; *id.* at 17, ¶ 89) Plaintiff alleges Appleton was the "direct supervisor" of Defendant Anderson and "was responsible for ensuring that the actions of his subordinates complied with written policies, including policies designed to prevent and deter sexual abuse." (*Id.* at 8, ¶¶ 31-32)

She asserts: "Juvenile Hall written policies provided for 'zero tolerance' of sexual abuse of wards by staff," which was "defined to include, without limitation, sexual voyeurism by staff" under the Prison Rape Elimination Act ("PREA"). (Doc. 37 at 8, ¶ 33) In addition, Plaintiff alleges "basic rules" at Juvenile Hall "prohibited staff members from being alone with wards of the opposite gender outside of emergencies." (*Id.*, ¶ 34) Plaintiff alleges written policies "required staff members to report sexual abuse, the suspicion of sexual abuse, or any deviation from written policy in writing." (*Id.*) Further, she asserts that under the PREA, "the presumptive discipline for any form of sexual abuse by staff is termination." (*Id.* at ¶ 33)

Plaintiff asserts that Heathe Anderson knew Anderson violated the written policies and rules of Juvenile Hall, stating:

> Despite written policies that strictly prohibited staff members from being alone in a rooms with a minor of the opposite gender outside of an emergency, HEATHE APPLETON observed GEORGE ANDERSON in a room alone with a female ward on three to four occasions (none of which were emergencies) and failed to document or report it. HEATHE APPLETON failed to intervene to enforce policy, protect wards, or discipline GEORGE ANDERSON in connection with these observations. On at least

> one occasion, HEATHE APPLETON observed GEORGE ANDERSON alone with Plaintiff, in clear violation of written policy, before Plaintiff complained of the sexual abuse that is the subject of this case. HEATHE APPLETON took no action in connection with these observations, even though what he had observed was a clear violation of written policy.

(Doc. 29-1 at 8-9, ¶ 35)

According to Plaintiff, Appleton "never documented or reported in writing that [Anderson] had been supervising showers of female wards alone." (Doc. 37 at 10, ¶ 44) In addition, she asserts Appleton "never documented in writing the fact that he observed [Anderson] alone a room with a female ward, nor did he re-train or reprimand [Anderson] for being in a room alone with a female ward." (*Id.*) Therefore, Plaintiff contends Appleton failed to address Anderson's misconduct "in a 'zero tolerance' manner." (*Id.*, ¶ 45) Instead, Plaintiff alleges, "Written policies that were designed to prevent and deter sexual abuse were not enforced, and violations of policy were covered up and ignored." (*Id.*) She asserts that because "the written policies in question were designed, at least in part, to prevent and deter sexual abuse, [Appleton] knew or reasonably should have known that his failure to enforce these policies heightened the danger of sexual abuse of wards." (*Id.* at 11, ¶ 47) Further, Plaintiff asserts that if Anderson was "adequately trained and supervised prior to the sexual abuse of [Plaintiff], if his errant behavior had been investigated, and if he had been punished as a result, then the sexual abuse of [Plaintiff] in this case could have been averted." (*Id.*, ¶ 49)

According to Plaintiff, the County exhibited "deliberate indifference to the safety of Plaintiff and other victims." (Doc. 37 at 3, ¶ 4) Further, she reports that as of the date of the filing of the initial complaint in this action, Anderson, Appleton and the "Doe" defendants were not "disciplined, reprimanded, retrained, suspended, or otherwise penalized in connection with the incident." (Doc. 37 at 16, ¶ 85)

Based upon the foregoing facts, Plaintiff is proceeding upon the following causes of action: (1) "Civil Rights Action" under 42 U.S.C. § 1983 for violations of the Fourth, Eighth, and Fourteenth Amendments, against Anderson; (2) substantive due process violation against Anderson; (3) unconstitutional custom, practice, or policy against the County of Kern; (4) inadequate training/ policy of inaction, against the County; (5) ratification, against the County; and (6) supervisor liability, against Appleton and the "Doe" Defendants. (*See generally* Doc. 37 at 12-18)

Anderson now seeks to have Plaintiff disclose her true name, arguing Plaintiff should not be permitted to continue using a pseudonym in this action. (Doc. 49) The County and Appleton joined in the motion. (Doc. 51) Plaintiff filed her opposition to the motion on October 25, 2017 (Doc. 52), to which Anderson filed a brief in reply on November 1, 2017 (Doc. 53).

## II. Legal Standards

"The normal presumption in litigation is that parties must use their real names." *Doe v. Kamehameha Schools*, 596 F.3d 1036, 1042 (9th Cir. 2010). However, some exceptions allow parties to proceed anonymously. For example, under Rule 5.2(a) of the Federal Rules of Civil Procedure, filings must refer to minors by their initials, unless the court orders otherwise. In addition, the Ninth Circuit determined "a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.'" *Does I - XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000).

The Court "must balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party." *Advanced Textile*, 214 F.3d at 1068, citing *M.M. v. Zavaras, 139 F.3d 798, 803* (10th Cir. 1998); *James v. Jacobson*, 6 F.3d 233, 238 (4th Cir. 1993); *Doe v. Frank*, 951 F.2d 320, 323-24 (11th Cir. 1992); *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981). Courts applying this balancing test have recognized three situations allowing a plaintiff to proceed anonymously:

> (1) when identification creates a risk of retaliatory physical or mental harm; (2) when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature; and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution.

*Advanced Textile*, 214 F.3d at 1068 (internal quotation marks, citations omitted). The decision of whether to allow a party to proceed anonymously is committed to the Court's discretion. *Id.* at 1069.

## III. Discussion and Analysis

Plaintiff contends "[t]he use of a pseudonym is warranted under the facts and circumstances of this case." (Doc. 52 at 3, emphasis omitted) She notes the Ninth Circuit permits a party to proceed with a pseudonym where "anonymity is necessary to preserve privacy in a matter that is sensitive and

4

highly personal in nature," and asserts this action "clearly" satisfies this standard. (*Id.* at 4, citing *Advanced Textile*, 214 F.3d at 1068. In addition, she asserts the action "meets the criteria for the use of a pseudonym in light of the fact that plaintiff is in fear of physical or mental retaliation." (*Id.*)

On the other hand, Defendant contends Plaintiff's use of a pseudonym is not appropriate in this action. (Doc. 49 at 3) He acknowledges that "Courts have often held that sexual abuse allegations tend to favor allowing a party to proceed under a pseudonym to protect the victim's privacy, and so that other victims will not be discouraged from reporting such crimes." (*Id.*, citing *Doe v. Penzato*, WL 1833007 at *3 (N.D. Cal. May 13, 2011)) However, he asserts Plaintiff's claims "should not qualify her for the use of a pseudonym." (*Id.*) Defendant concludes, "To allow Plaintiff to proceed under 'Jane Doe' is contrary to the Ninth Circuit's requirement that pseudonymity be limited to the 'unusual case.'" (*Id.*, citing *U.S. v. Doe*, 488 F.3d 1154, 1155 n.1 (9th Cir. 2007).

### A. Special Circumstances to Preserve Privacy

In *Advanced Textile*, the Court observed that "many federal courts, including the Ninth Circuit, have permitted parties to proceed anonymously when special circumstances justify secrecy." *Id.*, 214 F.3d at 1067. However, "[t]he Ninth Circuit has not adopted any specific set of factors that courts must consider when a plaintiff requests anonymity based on the alleged humiliation, embarrassment or mental distress that she will suffer by public disclosure of her identity." *Doe v. JBF RAK LLC*, 2014 U.S. Dist. LEXIS 146985 at *9 (D. Nev. Oct. 15, 2014). "In general, federal courts balance the severity of emotional distress or mental injury the plaintiff appears likely to suffer against the unfairness or prejudice that defendant will suffer if plaintiff is allowed to proceed anonymously, and the public's interest in knowing the identities of all litigants." *Id.*; *see also Advanced Textile*, 214 F.3d at 1068.

Plaintiff asserts anonymity is warranted because "courts have often held that plaintiffs who bring forth sexual abuse allegations should be permitted to proceed under a pseudonym to protect the victim's privacy and to encourage victims from reporting similar misconduct." (Doc. 52 at 4, citing *Penzato*, WL 1833007 at *3. In the First Amended Complaint, Plaintiff alleges:

> While Plaintiff was incarcerated at the James G. Bowles juvenile detention facility, she was a victim of grooming, exploitation, voyeurism and sexual abuse by Defendant Anderson. Defendant Anderson viewed Plaintiff while she showered and peeped into her cell while she was using the toilet on multiple occasions. Defendant Anderson told

5

> Plaintiff that he liked watching her shower, suggested that she should leave her boyfriend for him, and, after a period of time during which he assumed greater and greater familiarity with her, directly propositioned Plaintiff for sex.

(Doc. 37 at 2, ¶ 2) Further, she alleges that "[u]nder the Prison Rape Elimination Act (PREA), sexual abuse is defined to include, without limitation, sexual voyeurism by staff." (*Id.* at 8, ¶ 33) Plaintiff contends these allegations make this "a sensitive matter that is highly personal in nature," and her anonymity should be preserved. (Doc. 52 at 4)

Although the Court agrees that grooming, exploitation, and voyeurism are repugnant acts, these actions do not satisfy the common definition of sexual assault, which requires touching. *See, e.g.*, Cal. Penal Code § 243 ("Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, sexual gratification, or sexual abuse, is guilty of sexual battery"). Rather, the acts alleged are similar to allegations made in a Title VII sexual discrimination case—which would not be sufficient for the use a pseudonym. Moreover, the PREA definition of sexual abuse—which is clearly more broadly defined than state laws governing sexual assault and sexual battery—does not govern here, as there is no private right of action for a claim for a violation of the PREA. *See Reed v. Racklin,* 2017 U.S. Dist. LEXIS 90090 at \*6, 2017 WL 2535388 (E.D. Cal. June 9, 2017) ("PREA does not give rise to a private cause of action"); *Faz v. North Kern State Prison*, 2011 U.S. Dist. LEXIS at \*13-14, 2011 WL 4565918 (E.D. Cal. Sept. 29, 2011) ("the PREA does not create a private right of action"). Accordingly, the Court finds the allegations here must be distinguished from the sexual assault actions where courts have determined the plaintiff may proceed anonymously.

Plaintiff does not argue that she will suffer a psychological injury if her identity were to be made public. (*See* Doc. 52 at 2-3) As the court observed in *JBF RAK LLC*, "The stronger the showing that plaintiff makes regarding the psychological injury she will suffer if her identity is publicly disclosed, the more likely it is that the motion to proceed anonymously will be granted." *Id.*, 2014 U.S. Dist. LEXIS 146985 at \*18. For example, in *Penzato*, the court found the plaintiff's "ability to recover from her trauma would… be compromised" if her name was made public and she was made "open her to inquiries from the press and other interested individuals." *Id.*, 2011 U.S. Dist. LEXIS 51681 at \*6.

Likewise, where a plaintiff presented evidence from a doctor stating the motion for disclosure of the plaintiff's full name had "already caused… emotional trauma" and "disclosure …would exacerbate his depression and anxiety," the court found the plaintiff's need for anonymity outweighed the possible prejudiced to defendants and the public interest. *John Doe 140 v. Archdiocese of Portland in Or.*, 249 F.R.D. 358, 360 (D. Or. 2008). In contrast, here there is no evidence Plaintiff suffered any trauma from the filing of the motion, or that her ability to recover from the alleged events would be compromised.

## B. Fear of Retaliation

When, as here, a plaintiff asserts a pseudonym is "used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." *Advanced Textile*, 214 F.3d at 1068. A plaintiff seeking anonymity is "not required to prove that the defendants intend to carry out the threatened retaliation," but must show she was threatened and "a reasonable person would believe that the threat might actually be carried out." *Id.* at 1071.

In evaluating the reasonableness of plaintiff's fear of retaliation, "[f]irst, the district court must identify the harm that the plaintiff[] fear[s]." *Kamehameha Schools*, 596 F.3d at 1043. Here, Plaintiff contends she "is in fear of physical or mental retaliation." (Doc. 52 at 4) During her deposition, Plaintiff was asked if she was threatened by Mr. Anderson, and responded as follows:

Q. He never threatened you; correct?

A. He's only told me, like, I know where you live and I know a lot of people who live in Delano, I know a lot of people who work for, like, law and the law enforcement people.

Q. Anything else that you can think of?

A. That's it.

(Doc. 49 at 4; *see also* Doc. 52 at 5) In addition, Plaintiff asserts she "saw a tattoo of what she believed was a gang symbol imprinted on Defendant Anderson's body." (Doc. 52 at 5) Plaintiff reports she "was frightened of Defendant Anderson" and "[s]he was and remains afraid that he could retaliate against her for reporting the sexual abuse." (*Id.*)

Significantly, the Court is unable to identify any specific threat made to Plaintiff. In addition,

given the lack of information regarding the context in which the statement was made, the Court is unable to determine whether it was made as a statement of fact—such as a probation officer would make to individuals to encourage them to stay out of trouble—or was intended to be a veiled threat. Regardless, Anderson has been aware of Plaintiff's identity throughout this litigation. (*See* Doc. 49 at 5) Thus, the public disclosure of her identity does not render Plaintiff any more vulnerable to retaliation. Indeed, as Defendant observes, "Two and a half years have elapsed since Plaintiff made her allegations against Anderson and not only has she not seen or heard from him, she has never reported any threats since making these claims against Anderson or once the lawsuit commenced." (*Id.*) On these facts, the Court is unable to find Plaintiff has a reasonable fear of retaliation or harm such that continued anonymity from the public is necessary in this action. *See Advanced Textile*, 214 F.3d at 1068.

### C. Public Interest

Defendant asserts that he "intends to file a motion for summary adjudication," and "[d]ue to the nature of this motion, the public has a legitimate interest in knowing the names of the parties as well as the facts and events surrounding these court proceedings." (Doc. 49 at 7) According to Defendant, "Under these circumstances, the interest weighing in favor of open judicial proceedings greatly outweighs the low value of pseudonymity at this point in the proceedings." (*Id.*) Indeed, public interest tends to favor open access to judicial proceedings, and there is a general presumption against anonymity, *Advanced Textile*, 214 F.3d at 1067. Plaintiff has failed to rebut this presumption, and the public interest outweighs her desire to preserve her privacy in this action.

///
///
///
///
///
///
///
///

### IV. Conclusion and Order

Based upon the foregoing, the Court finds the factors set forth by the Ninth Circuit weigh against allowing Plaintiff to continue using a pseudonym in this action. *See Advanced Textile*, 214 F.3d at 1068. Based upon the foregoing, the Court **ORDERS** that Defendant's motion for the disclosure of Plaintiff's true name (Doc. 49) is **GRANTED**.

IT IS SO ORDERED.

Dated: **November 11, 2017**     **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE