# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMANTHA VAZQUEZ, | Case No.: 1:16-cv-01469 - JLT |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION TO STAY |
| v. | |
| COUNTY OF KERN, et al. | (Doc. 114) |
| Defendants. | |

Samantha Vazquez "seeks an immediate stay of all proceedings in this matter pending a decision on her appeal" to the Ninth Circuit. (Doc. 114) Defendants oppose the stay, asserting Plaintiff is not entitled to a stay. (Doc. 115) For the reasons set forth below, Plaintiff's request for a stay is **DENIED**.

**I.     Relevant Background**

On December 18, 2017, the Court granted summary judgment in favor of Defendants in this action. (Doc. 96, 97) Judgment was entered in favor of the Defendants on December 29, 2017 (Doc. 105), after which Plaintiff filed a Notice of Appeal. (Doc. 106)

Defendants each filed Bills of Costs on January 12, 2018. (Docs. 108, 110) Plaintiff now seeks a stay of the proceedings in light of her appeal pending before the Ninth Circuit, proposing "that the case be frozen in its present configuration while the appeal is pending," requesting the Bills of Costs not be evaluated by the Court at this time. (Doc. 114)

1

## II. Legal Standards

The Supreme Court explained the "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254-255 (1936). To evaluate whether to stay an action, the Court must the weigh competing interests that will be affected by the grant or refusal to grant a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

In general, Rule 62(c) of the Federal Rules of Civil Procedure governs the Court's authority to stay an action pending an appeal. Applying this Rule, the Ninth Circuit determined that when evaluating a request for a stay due to a pending appeal, courts must consider: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987) (citations omitted); *see also Maner v. County of Stanislaus*, 2016 U.S. Dist. LEXIS 149964 at *14-15 (E.D. Cal. Oct. 28, 2016) (finding Rule 62 "govern[s] the court's authority to issue a stay pending an appeal," and applying its standards to a request for "a stay of the taxing of costs pending appeal").

The party seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citing *Landis*, 299 U.S. at 255). The Supreme Court explained, "If there is even a fair possibility that the stay . . . will work damage to some one else," the party seeking the stay "must make out a clear case of hardship or inequity." *Landis*, 299 U.S. at 255. The decision whether to grant or deny a stay is committed to the Court's discretion. *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

## III. Discussion and Analysis

Plaintiff argues that "the Court should exercise its discretion to impose a stay," because "[t]here is no reason to litigate costs now." (Doc. 114 at 4) Plaintiff observes:

> If Defendants prevail on their appeal, then they will doubtless seek (and Plaintiff will oppose) costs in connection with their appeal. Since a new round of briefs and argument will be required in that situation anyway, both sets of costs can be more efficiently handled together at that time. Meanwhile, if Plaintiff prevails on her appeal, then

Defendants will no longer be conserved the "prevailing party" and there will be no issue to litigate.

(*Id.*) Plaintiff contends judicial resources would be preserved through the entry of a stay, because she intends to file "objections and opposition" to the defendants' requests, including objecting on the grounds that the imposition of costs "would be disruptive and a hardship," such that no costs should be awarded by the Court. (*Id.* at 5-6) Further, Plaintiff asserts that "no prejudice that would accrue to any party in the event of an immediate stay," and it "will not adversely affect any other issue in the case." (*Id.* at 7-8)

On the other hand, Defendants assert Plaintiff fails to address the *Hilton* factors addressing whether a stay should be entered. (*See* Doc. 115) For example, Defendants observe Plaintiff fails "to make any kind of showing that she is likely to succeed on the merits." (*Id.* at 2, emphasis omitted) Defendants contend,

> [T]he Court looked to the definitions of sexual misconduct as defined by courts when evaluating Vazquez's constitutional violations claims. *Vazquez v. County of Kern*, WL 6447887 at *4 (E.D. Cal. Dec. 18, 2017). In using these definitions, this Court held that it was unable to find facts asserted by Vazquez that would support a claim for sexual abuse under the Constitution. *Id.* at *6. Moreover, the Court was also unable to find any right to privacy violations and cited to various Ninth Circuit cases that established the egregious conduct that must occur for a privacy violation. *Id.* at 7-10. There is no reason to expect that the Ninth Circuit Court of Appeal would find otherwise on any of Vazquez's claims. Therefore, Vazquez cannot make a showing that she will succeed on the merits.

(*Id.* at 3) Further, Defendants assert Plaintiff fails to show she would suffer an "irreparable harm" if the case were not stayed, due to the Court evaluating the Bills of Costs filed by Defendants. (*Id.* at 3-4) On the other hand, Defendants argue they would suffer an injury with the non-payment of taxable costs. (*Id.* at 4) Finally, Defendants argue that "public policy favors prompt recovery of costs." *Id.* (citing *Emblaze,* 2015 WL 1304779 at *3)

In reply, Plaintiff contends she is "not making this motion under Rule 62(c), which on its face applies to applications for stays of proceedings to enforce a judgment." (Doc. 117 at 3) Rather, she asserts "the motion is made pursuant to the Court's discretionary power to stay proceedings as part of its inherent, incidental powers to control its docket." (*Id.*)

Previously, this Court has applied the *Hilton* factors in evaluating a plaintiff's "request that the bill of costs 'be held in abeyance' pending resolution of [her] appeal." *Whelan v. Donahue,* 2014 U.S.

Dist. LEXIS 112522 at *4-5 (E.D. Cal. Aug. 12, 2014). The court denied the stay, finding the plaintiff failed to identify "*any* justification, much less legal authority, for her request. *Id.* at *4. Likewise, here Plaintiff proffers no legal authority supporting the request that a stay of the proceedings—including the Bills of Costs—should be imposed. Though Plaintiff argues a hardship, this argument would be appropriately addressed in opposition to the Bills of Costs, and the Court declines to address the merits of such an argument at this time.

Significantly, this Court— and others throughout the Ninth Circuit—have repeatedly declined to enter a stay of the proceedings to allow an appeal to proceed. *See, e.g., Whelan,* 2014 U.S. Dist. LEXIS 112522 at *4-5; *Jones v. City of Orange Cove*, 2010 WL 4875681 at *2 (E.D. Cal. 2010); *Salvatto v. County of Solano*, 2007 WL 2428082 at *1 (E.D. Cal. 2007); *Pixion Inc. v. PlaceWare Inc.*, 2005 WL 3955889 (N.D. Cal. May 26, 2005). The Court explained that a "disagreement with the underlying judgment" was not a reason to impose a stay where there was a request for costs pending. *Salvato*, 2007 WL 2428082 at *1.

Notably, in *Jones,* the plaintiff argued that "if the judgment is reversed on appeal, then the taxation of costs also will be reversed." *Id.*, 2010 WL 4875681 at *2. Likewise, here, Plaintiff asserts a stay should be entered because "[t]here is no reason to litigate costs now" and "if Plaintiff prevails on her appeal, then Defendants will no longer be the 'prevailing party' and there will be no issue to litigate." (Doc. 114 at 4) However, as Defendants observe, as prevailing parties have "an interest in prompt payment of its taxable costs." (Doc. 115 at 4, quoting *Emblaze Ltd. v. Apple Inc*., 2015 WL 1304779 at *2 (N.D. Cal. Mar. 20, 2015)). Moreover, as the Court explained in *Jones,* the potential reversal of the taxation of costs following an appeal was "not a sufficient basis to stay." *Id.*, 2010 WL 4875681 at *2.

Finally, the Court understands that the plaintiff will assert that considerations of equity should preclude an imposition of costs. Regardless of how this issue is resolved, either side would have the right to appeal this novel position. Pursuing that appeal at this time would preserve the resources of the Court of Appeals.

///

///

4

**IV.　Conclusion**

The Court finds Plaintiff fails to identify legally sufficient reasons for the Court to impose a stay of these proceedings while her appeal is pending before the Ninth Circuit. Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion to stay (Doc. 114) is **DENIED**.

IT IS SO ORDERED.

Dated:   **February 21, 2018**          **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE